UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER P.,

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. C22-5951 RSM

**ORDER REVERSING AND REMANDING DENIAL OF BENEFITS**

  Plaintiff seeks review of the denial of his application for Supplemental Security Income ("SSI"). Plaintiff contends the ALJ erred in evaluating his symptom testimony and medical opinion evidence. Dkt. 11. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

  Plaintiff is 45 years old, has at least a high school education, and has worked as a commercial cleaner. Admin. Record ("AR") 29, 46–48. Plaintiff applied for SSI benefits on January 10, 2020, alleging a disability onset date of June 10, 2018. AR 77–78, 93. Plaintiff's application was denied initially and on reconsideration. AR 88, 110. Administrative Law Judge ("ALJ") Allan Erickson held a hearing on May 27, 2021, and issued a decision finding Plaintiff

not disabled on June 10, 2021. AR 16–34. In relevant part, the ALJ found Plaintiff had severe impairments of degenerative disc disease, lumbar spine; venous insufficiency, left lower extremity; post-traumatic stress disorder (PTSD); depression; and paranoid schizophrenia. AR 21. The ALJ found Plaintiff could perform light work, with additional postural, environmental, cognitive, and social limitations. AR 24. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 4–9.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Plaintiff's Testimony

At the hearing, Plaintiff testified to having back, leg, and feet pain. AR 148. He stated he receives treatment and takes medication for his lower back and they sometimes help. AR 50. He stated his legs and feet swell, and as a result, he is typically restricted to lying or sitting down, and elevating his legs every two to three hours, three to four times a day. AR 49–50, 64. As for his mental health, Plaintiff testified to having anxiety, depression, and paranoia. AR 53–55, 67. He stated his anxiety attacks last for an hour and they occur every other day. AR 67. He stated he often thinks people are making fun of him and has problems with anger. AR 64–65. He explained that because of his mental health, he has difficulties socializing with others and

managing self-care. AR 66–68.  Plaintiff explained he is able to drive, but not for long periods of time. AR 50–51.  He stated he can go to the store to run errands if needed, but tries to avoid doing so because being around others make him nervous. AR 62–63.  He explained his sister and children help him with house chores. AR 57.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ rejected Plaintiff's testimony regarding his back pain based on his conservative treatment protocol. AR 25–26.  In doing so, the ALJ cites to evidence which show Plaintiff's treatment was limited to medication, his main complaints concerned his leg, and he was continuously found negative for back pain. *See* AR 303–22, 513–19, 425, 530–51.  An ALJ may discount the claimant's testimony when the "'level or frequency of treatment is inconsistent with the level of complaints.'" *Molina*, 674 F.3d at 1113.  Given that Plaintiff's record indicates his back pain was sufficiently controlled by medication and his main concerns revolved around his leg pain, the ALJ could reasonably reject this portion of Plaintiff's testimony and thus did not err in doing so.

The ALJ, however, erred in rejecting the rest of Plaintiff's testimony.  In rejecting Plaintiff's testimony regarding his leg pain, the ALJ pointed to Plaintiff's treatment records after undergoing radiofrequency ablation. AR 26 (citing AR 611–26).  "When objective medical

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 3

evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh [the medical evidence] as undercutting such testimony." *Smartt*, 53 F.4th at 498. But as further discussed in the following section, the records show Plaintiff still experienced pain after the procedure and was advised to continue wearing compression socks and elevating his legs, supporting Plaintiff's testimony.

In rejecting Plaintiff's testimony regarding his mental health symptoms, the ALJ similarly pointed to his counseling sessions, finding that they showed Plaintiff's symptoms were "generally stable" and improved from medication. AR 25–26. The ALJ focuses on Plaintiff's normal presentation during his appointments, yet the records also show Plaintiff had difficulties collecting his thoughts, answering questions, and was often depressed or anxious. *See* AR 379, 476, 482, 485, 567. The records do show Plaintiff reported sleeping better and being less angry, but he also continued to report hallucinations. AR 591, 594. The ALJ's assessment of the record is not supported by substantial evidence, therefore in rejecting Plaintiff's testimony about his mental health symptoms, the ALJ erred.

The ALJ also rejected Plaintiff's testimony based on his inconsistent statements. AR 25. An ALJ may consider inconsistencies in a claimant's testimony or inconsistencies between a claimant's testimony and conduct when weighing credibility. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007). Here, the ALJ pointed specifically to Plaintiff's ability to spend hours on the internet, perform household chores, fish, and receive help from his children. AR 25. But the ALJ does not explain how Plaintiff's ability to perform much of these activities contradicts Plaintiff's testimony regarding how he is limited to sitting or lying down most of the day. AR 49–50. Plaintiff himself also testified to performing house chores, though with help from his family. AR 57. The ALJ also noted Plaintiff was inconsistent about his criminal history and

highlighted a portion of Plaintiff's mental evaluation where Plaintiff reported getting arrested twice, but his evaluator noted that Plaintiff was actually in prison four times. AR 377. However, the ALJ ignores the fact that the inconsistency may be due to Plaintiff's poor memory and possible impaired intellectual functioning, which the evaluator noted later in the evaluation. *See* AR 379 ("The examiner is concerned he may be functionally illiterate/or have borderline/mildly impaired intellectual functioning."). The ALJ also noted Plaintiff's statement that he thinks he is going blind in one eye is not supported by the record. AR 25, 497. Yet, there are treatment notes showing Plaintiff complained of blurred vision and was found positive for yellowing eyes. AR 303–09.

In sum, the ALJ partially erred in rejecting Plaintiff's testimony. The ALJ permissibly rejected the portion regarding his back pain because substantial evidence shows this symptom was managed with conservative treatment. However, in rejecting Plaintiff's testimony regarding his leg pain and mental health symptoms based on the objective medical evidence and Plaintiff's activities of daily living, the ALJ fell short of providing a rationale "clear enough that it has the power to convince." *See Smartt*, 53 F.4th at 499.

    2.    **Medical Opinion Evidence**

Laura Slee, ARNP, completed a questionnaire prepared by Plaintiff's counsel in April 2021, and opined that because Plaintiff suffers from lower extremity pain, he should elevate his legs for 15 to 20 minutes, two to six times each day. AR 527. She further opined Plaintiff would need to recline for less than one hour during an eight-hour workday. AR 528.

For applications filed after March 27, 2017, such as Plaintiff's, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785,

791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a).  Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources.  *See id*.; 20 C.F.R. § 416.920c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot reject an . . . opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Woods*, 32 F.4th at 792.

The ALJ rejected Ms. Slee's opinion for its inconsistency with the objective medical evidence.[1]  *See* AR 28.  The Court considered the ALJ's discussion of the medical evidence regarding Plaintiff's physical health throughout his decision, but found the ALJ's reasoning lacking as the medical evidence, when taken as a whole, does not substantially negate Ms. Slee's opinion.  The ALJ pointed to Plaintiff's treatment record from his primary care providers, describing them as "generally benign," yet the ALJ does not explain how these treatment notes, much of which primarily concern Plaintiff's back, are inconsistent with the leg and feet limitations opined by Ms. Slee.  AR 25 (citing AR 511–26, 530–51).  The evidence the ALJ relied on also include Plaintiff's follow-up treatment notes after undergoing radiofrequency ablation of the veins in his left leg in September 2020.  *See* AR 611–15.  The ALJ focuses on Plaintiff's vascular examinations, which show he continuously had no erythema, no ankle edema, or calf tenderness after the procedure.  *See id*.  However, the treatment notes also show that four weeks after the procedure, Plaintiff was told to return if his condition did not improve.  AR 614.  Plaintiff returned and reported experiencing "some relief" but noted residual pain.  AR

---

[1] The ALJ also rejected Ms. Slee's opinion because it was "unsupported" by the evidence. AR 28.  The "consistency" factor requires the ALJ weigh a medical opinion based on its consistency with evidence from other medical sources, while the "supportability" is based on how a medical opinion is supported by the same medical source who provided the opinion.  *See* §§ 20 C.F.R. 416.921c(c)(1), (2).  Here, the ALJ rejected Ms. Slee's opinion by comparing it to other evidence in the record, therefore the Court construes the ALJ's evaluation as one that is based on the "consistency" factor rather than the "supportability" factor.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 6

613. Plaintiff was encouraged to continue using compression therapy, exercise, and leg elevation. *Id*. Plaintiff returned again in April 2021, was assessed as having leg varicosity with pain and edema, and instructed to continue with compression stockings and leg elevation. AR 612–13. Overall, the evidence the ALJ cites to do not substantially undermine Ms. Slee's opinion that due to Plaintiff's lower extremity pain, he must elevate his legs multiple times a day. *See* AR 527. Therefore, in rejecting Ms. Slee's opinion for its inconsistency with objective medical evidence, the ALJ erred.

The ALJ also rejected Ms. Slee's opinion for its inconsistency with Plaintiff's "demonstrated functioning," but the ALJ's reasoning falls short here as well. *See* AR 28. The ALJ points to Plaintiff's ability to manage his self-care and perform household chores, but does not explain how they contradict Ms. Slee's opinion. It is entirely possible for Plaintiff's ability to perform these activities of daily living, while simultaneously needing to elevate his legs throughout the day.

### C. Remand for Further Proceedings

Plaintiff requests the Court to remand for an award of benefits, or alternatively to remand for a *de novo hearing*. Dkt. 11 at 7. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would

be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The Court has found that the ALJ erred in rejecting portions of Plaintiff's testimony and the medical opinion evidence, satisfying the first step.  However, the Court cannot say further administrative proceedings would not be useful considering the medical opinions of state agency medical consultants Dr. Alto and Dr. Staley conflict with Ms. Slee's.  *See* AR 83–85, 100–04. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  Accordingly, the Court finds remanding for further proceeding the more appropriate remedy in this case.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should re-evaluate Plaintiff's testimony regarding his leg pain and mental health symptoms, and the medical opinion evidence.

DATED this 12th day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE